**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:11 CV 1684** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Nicholas D. Rodin,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon plaintiff's Motion for Summary Judgment (Doc. 13).  This case involves federal income tax liability.  For the following reasons, the motion is GRANTED.

### Facts

Plaintiff United States of America filed this Complaint against defendant Nicholas D. Rodin to collect outstanding unpaid liabilities for federal income taxes and civil penalties, plus statutory accruals.  Plaintiff submits the following facts with supporting evidence.

David W. Ross, an Internal Revenue Service (IRS) Revenue Officer, declares the following. A delegate of the Secretary of the Treasury of the United States of America made

1

the following assessments against defendant. For the income tax period ending December 31, 2001, defendant remains indebted to plaintiff, including accruals as of June 1, 2012, in the amount of $6,116.75 for federal income tax liabilities.[1] For the income tax period ending December 31, 2002, defendant remains indebted to plaintiff, including accruals as of June 1, 2012, in the amount of $7,543.44 for federal income tax liabilities. For the income tax period ending December 31, 2003, defendant remains indebted to plaintiff, including accruals as of June 1, 2012, in the amount of $8,000.83 for federal income tax liabilities.

On the dates, in the amounts, and with respect to the tax periods indicated in the declaration, defendant was assessed, in accordance with 26 U.S.C. § 6702, as an individual who filed a frivolous income tax return, for which he remains indebted to plaintiff, including accruals as of June 1, 2012, in the amount of $4,169.25. Despite notice and demand for payment, defendant failed to pay in full the liabilities.

After the application of all abatements, payments, and credits, and the addition of accrued penalties, interest, and costs for collection fees, defendant remains indebted to plaintiff in the amount of $25,830.27 as of June 1, 2012, plus statutory additions accruing from and after June 1, 2012, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c). (Ross declaration; Doc. 13 Exs. 21-22)

Defendant is a college graduate, and he always filed and paid his taxes on time prior to the tax years involved here. (deft. depo. 12, 23) As of June 18, 2012, defendant's name appeared as a member of the "We The People" group which questions the legality of income

---

[1] The specific dates, types, and amounts of the assessments identified herein are set forth in David Ross's declaration and incorporated herein.

taxes. (Doc. 13 Ex. 24)

Defendant admits that he filed a "zero return" (a federal income tax form on which all items of income and deductions are listed as "0") in 2001 with the IRS, and admits that it is possible that he filed "zero returns" for the tax years 1999-2003. Whether he filed "zero returns" or not, defendant did not report to the IRS full and accurate information regarding his income and expenses until 2009. (deft. depo. 26-27, 45-47)

Defendant submitted a tax form requesting a refund for the tax year 1999. (Doc. 13 Ex. 2) When the IRS did not refund the money and instead assessed a frivolous return penalty against him, defendant met with an IRS Settlement Officer on November 2, 2001. At that time, defendant offered to pay in full if the officer could show him the code section that required him to pay the tax, which was consistent with his contention that he had no duty to pay tax at that time. (deft. depo. 28,33; Doc. 13 Ex. 26)

Additionally, sometime during the tax years at issue, defendant went to his employer and told it not to withhold any taxes because he believed that he did not have to pay any taxes. (deft. depo. 41) Thus, he had no income tax withheld in 2001, 2002, or 2003. (Doc. 13 Exs. 5, 6, 21)

On February 5, 2002, defendant filed a tax court petition seeking a refund of all income taxes paid for the tax year 1999 because he believed taxes are illegal. (Doc. 13 Ex. 2; deft. depo. 33-35) Plaintiff believed taxes are illegal until about two years ago. (deft. depo. 35)

Plaintiff submits his own affidavit wherein he acknowledges his debt and his responsibility to pay it, but disputes the amount of his tax liability for the years 2001 through

3

2003. (pltf. aff.)

This matter is now before the Court upon plaintiff's Motion for Summary Judgment.[2]

**<u>Standard of Review</u>**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. Federal Rule of Civil Procedure 56(e) provides:

---

[2] After the original deadline for responding to the Motion for Summary Judgment had expired, defendant, who had been proceeding *pro se,* hired a lawyer and requested 30 days to respond to the motion. This Court granted the extension, but defendant subsequently notified this Court that he had terminated his attorney. Defendant then filed a brief opposing the motion, and in support of his own motion for summary judgment, in a *pro se* capacity. Defendant's request for summary judgment in his favor is denied for the reasons stated herein and for the reason that the dispositive motion deadline had well-expired prior to defendant's request.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial.  If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

### **Discussion**

"A federal tax assessment is presumptively correct."  *United States v. Martin,* 2001 WL 260070 (N.D.Ohio Jan. 11, 2001) (citing *Calderone v. United States*, 799 F.2d 254, 258 (6th Cir.1986)). "Certificates of assessments and payments are generally regarded as being

sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made." *Id.* (citing *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir.1992)).  As discussed above, plaintiff has presented evidence of presumptively correct tax assessments against defendant.  Defendant now submits his affidavit wherein he states that he knows the amounts of tax liabilities supported in plaintiff's motion are inaccurate because "there are undisclosed and unaccounted for amounts" for each of the tax years. As plaintiff points out, however, there are no such discrepancies between plaintiff's  supporting exhibit and the declaration of David Ross given that the former does not include unassessed interest and penalties while the latter attests to the balance due for each period which includes all assessed and unassessed interest and statutory additions.  Defendant also states in his affidavit that certain tax returns have not been processed by the IRS because he submitted them to plaintiff's attorney in this lawsuit and she indicated that she does not process returns.  Again, defendant does not raise an issue of fact as to the balances due given that plaintiff submits copies, as evidence, of returns previously processed by the IRS which correspond precisely with the assessments made against defendant.

For these reasons, there is no issue of fact as to the calculation of defendant's tax liability.  Penalties were also assessed against defendant for the income tax years at issue for late filing, failure to pay penalties, and estimated tax penalties.  As discussed by plaintiff, late filing and failure to pay penalties may not be imposed where such is due to reasonable cause and not willful neglect.  Defendant, however, does not create an issue of fact with regard to the penalties assessed against him as he fails to provide affirmative evidence of his averments, his averments contradict his prior sworn testimony, or his averments are immaterial and

irrelevant. This Court incorporates plaintiff's specific discussion as to each point disputed by defendant. Accordingly, defendant does not have a reasonable cause defense as the undisputed facts show that defendant did not timely file his tax returns and pay the associated tax due for the years at issue because he claimed he was not required to do so.

There is no reasonable cause defense for the frivolous return penalties assessed. Again, the undisputed facts show that defendant had taken the position that he did not have a duty to file income tax returns or pay income tax, and he filed zero returns or similar documents. The Court agrees with plaintiff that these were not honest and reasonable attempts to comply with the law.

For these reasons, defendant has failed to provide affirmative evidence disputing the balance of tax liability, he has admitted to filing frivolous returns, and he fails to show that he exercised ordinary business care and prudence with respect to the filing and payment of his 2001, 2002, and 2003 income tax returns and balances due.

### Conclusion

For the foregoing reasons, plaintiff's Motion for Summary Judgment is granted. Plaintiff is entitled to judgment in the amount of $25,830.27 with statutory additions, including interest which continues to accrue. Plaintiff must submit a proposed judgment entry within 10 days of this Order.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/9/12